**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES KENNETH WALLACE, SR.**                    **CIVIL ACTION**

**VERSUS**                                          **NO. 20-2869**

**STATE OF LOUISIANA, ET AL.**                      **SECTION "M"(4)**

## ORDER AND REASONS

Plaintiff, Charles Kenneth Wallace, Sr. ("Wallace"), is a prisoner currently incarcerated in the David Wade Correctional Center in Homer, Louisiana.   He filed this complaint in the United States District Court for the Western District of Louisiana pursuant to 42 U.S.C. § 1983 against the defendants, the State of Louisiana, Governor John Bell Edwards, State Senator John A. Alario, Jr., James Looney, and former District Attorney Walter Reed.[1]   Wallace asserts that the defendants violated his constitutional rights in the proceedings leading to his 1991 St. Tammany Parish conviction for second degree murder.   Prior to the transfer of the case to this Court, the Western District of Louisiana granted Wallace's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2]   The Court apparently did so without considering that Wallace is a frequent filer in the federal courts and is prohibited from proceeding as a pauper.

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"), now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.   On May 30, 2017, the United States

---

[1] Rec. Doc. No. 1.
[2] Rec. Doc. No. 3.

Fifth Circuit Court of Appeals made the following decree while affirming this Court's dismissal of one of Wallace's prior civil actions:

> The district court's dismissal of Wallace's complaint as frivolous and for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).   *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).   Wallace has accumulated at least two other strikes.   *See Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. July 21, 1994) (unpublished) (per curiam); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).   Accordingly, he is prohibited from proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

*Wallace v. State of Louisiana*, 689 F. App'x 286, 287 (5th Cir. 2017).

As noted by the Fifth Circuit, Wallace has filed a number of civil complaints and at least one appeal in the federal courts while he was incarcerated that were dismissed as frivolous and/or for failure to state a claim.   These include but are not limited to the following: *Wallace v. State of Louisiana*, Civ. Action 15-1881"A"(1) (E.D. La. Mar. 7, 2016) (dismissed as frivolous and failure to state a claim); *Wallace v. Katz*, Civ. Action 94-938"C"(3) (E.D. La. Apr. 28, 1994) (dismissed as frivolous); *Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994) (appeal dismissed as frivolous); *Wallace v. Edwards*, Civ. Action No. 93-720 (M.D. La. Sep. 7, 1993) (dismissed as frivolous and failure to state a claim).

Wallace, therefore, has accumulated more than three "strikes" under the PLRA.   Under these circumstances, and considering the Fifth Circuit's directive, Wallace is prohibited from proceeding as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).   Wallace has not alleged, nor does his complaint demonstrate, anything establishing that he is in imminent danger of serious physical injury.

The previous district court granted Wallace pauper status without addressing his prior strikes.   A plaintiff's entitlement to proceed as a pauper may be re-evaluated to determine his

continued eligibility.  *Accord Castillo v. Blanco*, 330 F. App'x 463 (5th Cir. 2009).   The courts within the Fifth Circuit have determined that "re-evaluation of a plaintiff's pauper status is appropriate where information comes to light showing he is or has been an abusive litigant who is no longer eligible to proceed in forma pauperis."  *Ward v. Taylor*, No. 10-0221, 2010 WL 5579617 at *1 (N.D. Tex. Dec. 13, 2010), *adopted*, 2011 WL 117877 (N.D. Tex. Jan. 12, 1011); *Johnson v. Suter*, No. 08-0070, 2009 WL 3740630 at *1-2 (N.D. Tex. Nov. 6, 2009); *Nichols v. Rich*, No. 01-0369, 2004 WL 743938 at *1 (N.D. Tex. Apr. 7, 2004), *adopted*, 2004 WL 1119689 (N.D. Tex. May 18, 2004); *see also McCain v. Hefner*, No. 13-0502, 2013 WL 4711661 (E.D. Tex. Aug. 30, 2013); *Barton v. State of Texas*, No. 13-0118, 2013 WL 4418848 (E.D. Tex. Aug. 13, 2013); *McGrew v. Barr*, No. 10-0272, 2011 WL 1107195 (M.D. La. March 22, 2011); *Harris v. Gusman*, Civ. Action 13-0522"G"(5) (E.D. La. Nov. 7, 2014).   These courts recognized that entitlement to proceed as a pauper is a privilege not a right.   The courts also acknowledged that the principal goal of the PLRA, as codified in §1915, is "to deter frivolous prisoner litigation in courts by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."   *Ward*, 2010 WL 5579617 at *1 (quoting *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996) (internal quotations omitted)).   Re-evaluation of Wallace's pauper status under the strictures of § 1915(g) accomplishes that goal.

Therefore, the Court finds that Wallace has accumulated three strikes under the provisions of § 1915(g) and is not entitled to proceed *in forma pauperis*.   The prior order granting Wallace leave to proceed as a pauper must be vacated.   Accordingly,

**IT IS ORDERED** that the Memorandum Order (Rec. Doc. No. 3) granting pauper status is **VACATED**, and Wallace's motion to proceed *in forma pauperis* (Rec. Doc. No. 2) hereby is

**DENIED** pursuant to 28 U.S.C. § 1915(g).  The Clerk shall close the case for administrative purposes until such time as Wallace pays the requisite filing and administrative fees.

New Orleans, Louisiana this 22nd day of October, 2020.

 

 

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

 

 

 

**CLERK TO NOTIFY**:
Warden Jerry Goodwin,
David Wade Correctional Center
670 Bell Hill Road
Route 2, Box 75
Homer, LA   71040
**ATTN:   Inmate Banking**